# Before the Bankruptcy Court
# In and for The Great State of Connecticut

---

Cause Number: 25-30757

## Deborah Mitchell, in my natural capacity, et al

## and for THE ESTATE DEBORAH ANN MITCHELL, ET AL

Petitioner

v.

## WELLS FARGO BANK N.A., ET AL

Respondent

---

# I DO HEREBY CHALLENGE THIS COURT TO PRODUCE ITS FINDINGS SUPPORTED BY FACTS AND CONCLUSIONS OF LAW

---

I, Deborah Mitchell, hereby declare under penalty of the law as follows:

1. I am the alleged Debtor, Deborah Mitchell, in the above-captioned matter. I have personal knowledge of the facts herein and am competent to testify in the form of an affidavit.

2. The statement that there is a state judgment does not preclude a party from seeking bankruptcy protection when there's property interest at stake, equity in the property and since bankruptcy section 541 covers all equitable and legal interest in the property. Just because a party asked for the removal of the stay doesn't make such requests automatic unless they can prove that they have suffered harm, there is no evidence of any funds having been expended by the alleged creditor, even if there is a judgment from a different jurisdiction which is on appeal and **a stay** having been requested in that matter and under the courtesy rule, is considered granted.

## Regarding the Creation of the Sworn Affidavit

2. The sworn affidavit presented to the Court was prepared using a technology-assisted drafting tool. This tool functions as a modern-day scribe or secretary, organizing information provided by the affiant into a coherent format.

3. The factual assertions within the affidavit were derived solely from The Alleged-Debtor's statements and records. The Alleged-Debtor then reviewed the drafted document, made corrections to ensure accuracy, and swore to its truthfulness under penalty of law before signing it. So no it wasn't checked before handing it to the clerk, because it was already corrected and signed. How dare this court create a new rule stating that by using an assistant to produce a document I have somehow violated the rules of this court and the law!

    a. This court used the term that the document contained hallucinations, but did not once state what a single hallucination consisted of?

    b. Do I not have the right to ask lawful questions?

    c. To place an affidavit on the record?

    d. To utilize 42a-9-210 of the Connecticut commercial code and the common-law principles of the Constitution to have the state apply that law in this instant matter where there is an alleged creditor claiming that I owe money's?

    e. Does not the alleged creditor, I have the duty, responsibility to prove standing?

    f. Well, if I have never received the accounting as required by 42a-9-210, goodness this court has no jurisdiction to grant their claim since that is a mandatory requirement under Connecticut State Law!

4. The process of using an assistant to produce a document is the same as using Microsoft office word or Google docs as it is functionally identical to a corporate president dictating a letter to a secretary, or a judge relying on a law clerk to draft an opinion. The origin of the *formatting* does not impeach the veracity of the *content*, which is sworn to by the affiant.

## Regarding the Court's "AI Hallucination" Finding

5. The Court's Order dated Date alleges the affidavit contains "hallucinations" but fails to identify **a single specific statement, phrase, or fact that is allegedly false or inaccurate.**

6. This vague accusation violates fundamental due process. See ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)** (a judge cannot make credibility determinations or weigh evidence sua sponte). Without knowing what is being challenged, it is impossible to defend, correct, or amend the filing.

7. A finding of fact without stating the fact is a legal nullity. The Court has provided no "evidentiary basis for rebuttal," as required by ***S.E.C. v. Phan*, 500 F.3d 108, 116 (2d Cir. 2007)**.

## Regarding the Opposing Party's Failure to Rebut

8. During the hearing on October 22, 2025 the only "rebuttal" offered by Opposing Counsel was a general statement to the effect of: "I've read it and I'm not even going to..." without specifying any inaccuracies.

9. While case law holds that oral responses can rebut affidavits (see ***United States v. Kattar*, 840 F.2d 118 (1st Cir. 1988); *In re Tashjian*, 72 F.3d 68 (8th Cir. 1995)**), such a response must be substantive. A conclusory statement, devoid of specific challenges, is legally insufficient to controvert sworn testimony. See ***S.E.C. v. Phan*, 500 F.3d at 116** (conclusory allegations are insufficient).

10. The burden to rebut a sworn affidavit lies with the adverse party. See ***Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)**. That burden has not been met. The affidavit therefore stands as uncontroverted evidence.

## Connection to the Motion for Relief from Stay

11. The Alleged-Debtor has exercised their right under **UCC Article 9, § 210** to request an authenticated accounting and a listing of the collateral from the Movant. This request was served upon the Movant and the Court on October 22, 2025.

12. The Movant's failure to provide this accounting, as required by law, creates a genuine dispute of material fact regarding the validity and extent of the debt and the collateral. If the accounting is not required by law and is not mandated by law, the commercial code for The Great State of Connecticut, then state such on the record supported by facts and conclusions of law so that this movant can document the denial of due process of law!

13. The automatic stay must remain in place pending the resolution of this dispute. To grant relief from the stay without requiring the Movant to comply with its statutory obligations would defeat the core purpose of bankruptcy protection and prejudice The Alleged-Debtor's rights.

## CONCLUSION

WHEREFORE, the undersigned respectfully requests that the Court:

a) Withdraw its finding of "hallucinations" due to a lack of specificity and evidentiary basis, as the court provided no statement of fact, just a so-called belief which is not sufficient for the record to rebut an affidavit. Referring to an affidavit as papers also violates the rights of the petitioner to access the court, they are not papers when they are placed on the record as an affidavit and remain unrebutted as required by law for rebuttal purposes;

b) Find that the sworn affidavit's stands as uncontroverted evidence, as it was not effectively rebutted by the Movant, and the movement had stated on the record that not only did he review but he proceeded to make a rebuttal as to the accuracy of the information without any proof thus exhausting the statute of limitations as a matter of law, as an unrebutted affidavit, the points in the affidavit that remain unrebutted, remain unrebutted and the court must take such unrebutted statements as true in favor of the affiant;

1. ***Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990)**

   - **Holding:** "Well-pleaded allegations of the complaint, as well as the contents of any affidavits, **are taken as true where the opposing party has failed to controvert them.**"

2. *In re Morris, 2007 Bankr. LEXIS 4823, at 9 (Bankr. E.D. Pa. Dec. 12, 2007)*

   - **Holding:** "The assertions in The Alleged-Debtor's affidavit are uncontroverted... **Accordingly, the Court will accept the facts set forth in The Alleged-Debtor's affidavit as true for purposes of this Motion.**"

3. *In re Aughenbaugh, 125 F.2d 887, 889 (3d Cir. 1942)*

   - **Holding:** "The respondent filed no affidavits and presented no testimony in opposition to the petition. **The facts set forth in the petitioner's affidavits accordingly stand admitted.**"

4. *Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989)*

   - **Holding:** "Since defendants presented no evidence to the contrary, **the district court was bound to accept the facts set forth in the affidavit** for purposes of ruling on the

summary judgment motion." *5. F.T.C. v. PCCR Corp., 1992 U.S. Dist. LEXIS 22879, at 6 (N.D. Ill. 1992)*

- **Holding:** "In the absence of any rebuttal, the facts set forth in the affiant's declaration **must be accepted as true.**"

c) Deny the Movant's Motion for Relief from Stay, or in the alternative, continue the hearing until the Movant has fully complied with The Alleged-Debtor's request for an accounting under UCC Article 9, § 210.

Respectfully,

October 24, 2025

*[signature: Deborah Ann Mitchell]*

Deborah Mitchell and my natural person which this court refuses to acknowledge by his demeaning and dehumanizing language and communications
Declarant and debtor-in-possession

**CERTIFICATE OF SERVICE**

I, **Deborah Ann Mitchell**, hereby certify that on **October 24, 2025**, I served a true and correct copy of the foregoing **I DO HEREBY CHALLENGE THIS COURT TO PRODUCE ITS FINDINGS SUPPORTED BY FACTS AND CONCLUSIONS OF LAW** upon all parties or their counsel of record via the Court's CM/ECF electronic filing system and/or by first-class United States Mail, addressed as follows:

**Linda St. Pierre, Esq.**
McCalla Raymer Leibert Pierce, LLP
280 Trumbull St., 22FL
Hartford, CT 06103

**Michelle Hart Ippoliti, Esq.**
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Rd.
Roswell, GA 30076

**Kara S. Rescia, Trustee**
5104A Bigelow Commons
Enfield, CT 06082

**United States Trustee**
Office of the United States Trustee
Giaimo Federal Building

**Connecticut Housing Finance**
999 West St.
Rocky Hill, CT 06067

_____