**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| In re:<br><br>Deborah Ann Mitchell<br><br>*Debtor* | Case No. 25-30757 (AMN)<br>Chapter 7<br><br><br>ECF No. 14 |
|---|---|

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION FOR RELIEF FROM STAY**
**AND ORDER REGARDING THE DEBTOR'S FUTURE FILINGS**

On September 12, 2025, creditor Wells Fargo Bank, N.A. (the "Movant") filed and served upon Deborah Ann Mitchell (the "Debtor") a motion seeking relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1) and (d)(4). ECF No. 14 (the "Motion"). Movant holds a note and mortgage on certain real property allegedly owned by the Debtor and commonly known as 290 Tuthill Street, West Haven, Connecticut (the "Property"). See, *Wells Fargo Bank, N.A., v. Ronald B. Mitchell AKA Ronald Benjamin Mitchell, et al*., Connecticut Superior Court Case No. NNH-CV22-6121488-S (the "Foreclosure Case").

Pursuant to this Court's contested matter procedure the Debtor was required to file any response to the Motion on or before September 26, 2025. Local Bankr.R. 9014-1; See also ECF No. 14, p. 11 (providing notice to the Debtor of this deadline). The Debtor did not timely file an objection to the Motion, nor has the Debtor timely sought an extension of time to file a response, pursuant to Fed.R.Bankr.P. 9006(b). The Debtor's numerous responses to the Motion (including ECF Nos. 19, 20, 21, 22, 28, 31, 32, and 36) may be disregarded for untimeliness. See Local Bankruptcy Rule 9014-1(f). Although the self-represented Debtor's filings were untimely, and a hearing was not required, the

Court nevertheless set the Motion for hearing in order to provide the self-represented Debtor an opportunity to be heard.

The original hearing on the Motion was scheduled for October 15, 2025. ECF No. 24. However, the Debtor requested a continuance of the hearing (ECF No. 28) in order to formulate a reply to the Movant's October 8, 2025, Response (ECF No. 26) to her Objection. The Court granted the Debtor's request and continued the hearing to October 22, 2025, at 10:00 A.M. ECF No. 29. Between the date the Motion was filed and the date of this Order, the Debtor filed at least 10 documents styled as affidavits, totaling over 100 pages in length, asserting various arguments.

## Standing

The Court concludes the Movant has standing to seek relief from the automatic stay set forth in 11 U.S.C. § 362(a) for two reasons. First, the Movant established it has standing to enforce the note and mortgage which form the basis for the debt owed by the Debtor by including a copy of the note and mortgage and a declaration (executed by the Movant's vice president of loan documentation Tonya Caldwell) which certifies the Movant possesses the original note and that the attached copy is a true and accurate copy thereof. ECF No. 14 p. 18.

Second, a final judgment of foreclosure entered in the Foreclosure Case. Foreclosure Case Doc. 166. The existence of this final judgment by the State Court also serves as a determination as to the Movant's standing to enforce the note and mortgage. Pursuant to the *Rooker-Feldman* doctrine, the Bankruptcy Court cannot act as an appellate court for the Foreclosure Case. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The

*Rooker-Feldman* doctrine jurisdictionally bars federal courts from hearing "cases that function as de facto appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018).  For *Rooker-Feldman* to apply to the Foreclosure Case, four requirements must be met.  First, the party opposing the judgment or result in the Foreclosure Case (here, Ms. Mitchell) must have lost in state court.  Second, Ms. Mitchell must complain of injuries caused by the state-court judgment.  Third, Ms. Mitchell must invite federal court review and rejection of the Foreclosure Case judgment.  And, fourth, the state-court judgment must have been rendered before the federal court proceedings commenced." *Sung Cho*, 910 F.3d at 645.

Here, the Debtor's arguments with respect to the Movant's standing fall squarely within the four corners described in *Sung Cho*.  This court's review of the result in the Foreclosure Case is barred under the *Rooker-Feldman* doctrine.  The state courts have already determined the Movant has standing to enforce the note and mortgage in the Foreclosure Case.  Indeed, the only question remaining in the Foreclosure Case at this time appears to be <u>when</u> the foreclosure sale will take place.  The Bankruptcy Court cannot now serve as an appellate court to review that determination. *Smith v. Bendett & McHugh, P.C.*, No. 3:22-cv-239 (JAM), 2023 U.S. Dist. LEXIS 10792, at *6-10 (D. Conn. Jan. 23, 2023)

Because the Movant has sufficiently established standing, pursuant to Fed.R.Civ.P. 44, Fed.R.Bankr.P. 9017, Fed.R.Evid. 1003, the court may proceed to consider the merits of the Motion.

**11 U.S.C. § 362(d)(1) – Relief from Stay for Cause**

Pursuant to 11 U.S.C. § 362(d)(1), the court may grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest."  Although "cause" is not defined in the Bankruptcy Code, cause has been found to include non-payment of a debt or a lack of adequate protection.  *Avail 1, LLC v. Kurimsky (In re Kurimsky)*, 2021 Bankr. LEXIS 1700, *9 (Bankr. D. Conn. 2021); *In re Caires*, 611 B.R. 1, 6-7 (Bankr. D. Conn. 2020); *In re Uvaydov*, 354 B.R. 620, 624 (Bankr. E.D.N.Y. 2006); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2001).

The Foreclosure Case Judgment is final, and this Court must give full faith and credit to that judgment.  See *In re Conrad*, 614 B.R. 20, 25 (Bankr. D. Conn. 2020) (applying the Full Faith and Credit Act, 28 U.S.C. § 1738, to a final Superior Court judgment of foreclosure by sale when granting relief from stay pursuant to section 362(d)(1)).  Cause therefore exists to grant the Movant relief from the automatic stay pursuant to section 362(d)(1).

**11 U.S.C. § 362(d)(4) – *In rem* Relief from Stay**

Bankruptcy Code § 362(d)(4) authorizes the bankruptcy court to enter an Order granting *in rem* relief and preventing the imposition of a stay in any future bankruptcy filings relating to real property for a period of two years, when, among other things, "a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors," *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017), and involves multiple bankruptcy filings affecting real property, *In re Muhaimin*, 343 B.R. 159, 167 (Bankr.D. Md. 2006).  11 U.S.C. § 362(d)(4).

Here, this is the third bankruptcy case to affect the Property since 2023. As in the prior two cases, this case was filed on the eve of a foreclosure sale date, as summarized in the following table comparing the filing dates in bankruptcy case numbers 23-30450, 24-31009, 25-30757 with the foreclosure sale dates set in the Foreclosure Case, Connecticut Superior Court Court Case No. NNH-CV22-6121488-S.

| Bankruptcy Case No. | Debtor | Date Bankruptcy Filed | Foreclosure Case Law Day |
|---|---|---|---|
| 23-30450 | Deborah Ann Mitchell and Ronald Benjamin Mitchell | June 6, 2023 | July 22, 2023 NNH-CV22-6121488-S, Doc. 120.00 |
| 24-31009 | Ronald Benjamin Mitchell | November 7, 2024 | November 9, 2024 NNH-CV22-6121488-S, Doc. 148.00 |
| 25-30757 | Deborah Ann Mitchell | August 12, 2025 | August 16, 2025 NNH-CV22-6121488-S, Doc. 166 |

Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citation omitted); *see also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases."); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud).

The Court is permitted to take judicial notice of public filings on its own docket in a bankruptcy case, as well as those filed in other cases. Fed. R. Evid. 201; *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. App'x 46, 48 (2d Cir. 2005) (stating that courts are empowered to

take judicial notice of public filings, including a court's docket); *Mei Guo v. Despins (In re Kwok)*, No. 3:24-CV-724 (KAD), 2025 U.S. Dist. LEXIS 10092, at *22 (D. Conn. Jan. 21, 2025); *In re Spirit Airlines, Inc.*, 668 B.R. 689, 695 n.6 (Bankr. S.D.N.Y. 2025); *Harrington v. Racki (In re Bishop)*, 578 B.R. 158, 164 (Bankr. W.D.N.Y. 2017); *Katzenstein v. VIII SV5556 Lender, LLC (In re St. Vincent's Cath. Med. Ctrs. of New York)*, 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010); *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 n.17 (S.D.N.Y. 2004) ("The Court can take judicial notice of matters of public record . . . including filings in related lawsuits ....") (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)).

Based on the timing and filing of these three bankruptcy cases, the Court draws the inference the serial filings are part of a scheme to hinder and delay the creditor without cause.

As detailed above, it is well-settled that bankruptcy courts do not have jurisdiction to review the final judgments of state courts. See *In re Cody, Inc.*, 281 B.R. 182, 189 (S.D.N.Y. 2002), aff'd in part, appeal dismissed in part, 338 F.3d 89 (2d Cir. 2003) (determining that the bankruptcy court could not disturb the final order of a state court regarding a tax debt) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Ms. Mitchell argues here – as she and Mr. Mitchell argued in the first case, and as Mr. Mitchell alone argued in the second case – that there are procedural and substantive problems with the judgment in the Foreclosure Case. But, the state court judgment is final and the bankruptcy court cannot alter that.

Each of the two prior cases affecting the Property were dismissed, in essence, due to a refusal by the debtors to participate in the bankruptcy process in good faith. Case

No. 23-30450, ECF No. 117 pp. 11-12; Case No. 24-31009, ECF No. 84 p. 4. This case does not appear to be any different. As detailed further below, the Debtor has filed voluminous papers in this case advancing legal theories which are unsupported by the law, rely upon fictitious authority, and which appear to be solely for the purpose of causing undue delay.

Based on this record the court concludes the Debtor filed this petition as part of a scheme to delay, hinder, or defraud creditors involving either a transfer of ownership of the Property or multiple bankruptcy filings affecting the Property, within the meaning of 11 U.S.C. § 362(d)(4). Accordingly, the Movant is entitled to *in rem* relief regarding the Property for a period of two years.

**Fed.R.Bankr.P. 9011**

Fed.R.Bankr.P. 9011 provides every paper filed with the Court, including those filed by self-represented parties must (1) not be filed for an improper purpose; and (2) be supported by existing law and/or non-frivolous arguments. Fed.R.Bankr.P. 9011(b).

When a party does not comply with Rule 9011, the Court is empowered to order that party to show cause why conduct specifically described in the order has not violated Rule 9011. Fed.R.Bankr.P. 9011(c)(3).

"Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *In re Blonder*, 47 Fed. Appx. 605, 606 (2d Cir. 2002) (internal quotation marks and citations omitted) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995)).

As applicable here, the Debtor has filed numerous papers which appear to have been generated by, or with the assistance of, artificial intelligence ("A.I."). See e.g. ECF

Nos. 22 p. 11 (Including what appears to be unedited prefatory response language from an A.I. program); 36 p. 2 (Specifically attesting that ECF No. 36 was prepared with A.I. assistance). Although there is no rule prohibiting the use of artificial intelligence when preparing documents or performing research, parties are still required to certify the accuracy of all papers. As relevant here, the Court is unable to locate numerous cases relied upon by the Debtor and several cases which could be found are inaccurately quoted.

Because it appears the Debtor's filings were prepared with A.I. assistance, and because the Debtor is self-represented, the Court attempted to caution the Debtor regarding her responsibility under Rule 9011 to verify the accuracy of any papers she files with the Court.[1] At the October 22, 2025, hearing on the Motion, when asked, the Debtor acknowledged she used an A.I. program "for formatting" her various filings, and stated she did not check the legal citations relied upon in the filing. However, the Debtor later stated she does her own legal research. The Debtor was then provided with a courtesy copy of the District Court's September 12, 2025, Notice to Counsel and Litigants Regarding A.I.-Assisted Research (the "Notice"). The Notice clearly states there is a zero-tolerance policy for A.I. hallucinations in filings – including filings by self-represented parties – and that a failure to verify the accuracy of submissions will be construed as a violation of Fed.R.Civ.P. 11 (or Fed.R.Bankr.P 9011 as applicable in bankruptcy) and "will often result in sanctions absent reasonable excuse."

---

[1] The Court also notes a similar pattern occurred in Ronald Benjamin Mitchell's 2024 Chapter 11 case. Case No. 24-31009, ECF No. 54 pp. 2-3.

Subsequently, the Debtor filed a sworn affidavit (ECF No. 36) accusing the Court of fabricating the September 12, 2025, Notice after the fact, and generally repeating her prior arguments relating to the Movant's standing.

Notably, ECF No. 36 states the Debtor: "reviewed the drafted document, made corrections to ensure accuracy, and swore to its truthfulness under penalty of law before signing it." However, the affidavit filed as ECF No. 36 also contains several cases which appear to be fictitious A.I. hallucinations and cannot be located by the Court.

The Debtor's persistent reliance upon fictitious authority is not without harm. The Court (and presumably the Movant) has spent substantial time reviewing the Debtor's voluminous filings and legal theories which are ultimately frivolous and unsupported by the law. This naturally results in needless legal fees for the Movant, and for the Court this results in a diminishment of resources to address other bankruptcy cases.

Further, the Debtor's numerous filings also twist and misconstrue the facts of this case. With respect to ECF No. 38, the Debtor asserts in a sworn statement the Court improperly ordered her to appear at a continued hearing on October 22, 2025, at 2:00 P.M., and that the Court then pretended not to have done so as a means of "berating" and intentionally misleading her due to some preconceived prejudice against the Debtor ECF No. 38 p. 2-4. However, this is far from the truth.

At the conclusion of the 10:00 A.M. hearing on the Motion, the Court announced it would reserve decision on the Motion, that the morning hearing calendar was concluded, and that the Court would be in recess until 2:00 P.M., when the afternoon hearing calendar was scheduled to commence. ECF No. 35, 10/22/25 Hearing Audio 00:23:10 –

00:23:16; ECF No. 34, 10/22/25 Hearing Audio 00:00:10 – 00:00:56.[2] Notably, when the Debtor appeared at 2:00 P.M. the Court discussed the apparent misunderstanding with the Debtor and she acknowledged she misunderstood the Court's earlier statements.

In addition to potentially warranting monetary sanctions, the Debtor's pattern of filing voluminous papers which rely upon fictitious authority and frivolous or incomprehensible arguments further supports a conclusion that the Debtor's petition was filed for an improper purpose, as part of a scheme to hinder or delay creditors, within the meaning of 11 U.S.C. § 362(d)(4).

Accordingly, for the reasons stated, it is hereby

**ORDERED**: The Motion (ECF No. 14) is GRANTED; and, it is further

**ORDERED**: A separate Order granting relief pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(4) will enter; and, it is further

**ORDERED**: In light of the Debtor's continued reliance upon fictitious authority despite the Court's warnings, all future filings by the Debtor must include a full copy of any and all cases or other cited authority, with relevant sections highlighted as an attachment. Failure to comply will result in the filing being disregarded.

Dated this 5th day of November, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

---

[2] Audio recordings for the hearings are available on the Court's electronic docket as an attachment to the PDFs docketed ECF Nos. 34 and 35.